Dear Housing Qualls,
¶ 0 This office has received your request for an officialAttorney General Opinion in which you ask, in effect, thefollowing question:
 May a commissioner of an Indian housing authority, createdpursuant to 63 O.S. 1057 (1991), accept any form ofcompensation from a tribal government for his/her services ascommissioner when such compensation is paid from the tribalgovernment's funds, and exceeds the amount set forth in 63 O.S.1058 (B) (1991)?
¶ 1 An Indian housing authority is an agency of the State of Oklahoma. See 63 O.S. 1057 (1991). The law applicable to housing authorities created for cities and counties and their commissioners also applies to Indian housing authorities and their commissioners. See id. Thus, a housing authority is bound by 63 O.S. 1058 (B) (1991) which sets forth the compensation to be received by housing authority commissioners. That Section provides in pertinent part:
 "A commissioner shall receive no compensation for his services, but may be entitled to the necessary expenses, including traveling expenses, incurred in the discharge of his duties or receive a per diem payment of not to exceed Thirty-five Dollars ($35.00) plus mileage as provided by the State Travel Reimbursement Act, Section 500.1 et seq. of Title 74, for expenses incurred in attending meetings of the housing authority."
See 63 O.S. 1058 (B) (1991). Furthermore, the responsibility to provide this compensation falls upon the Housing Authority.See 63 O.S. 1061 (1991).
¶ 2 The Oklahoma Statutes impose an affirmative duty on housing authority commissioners not to receive any manner of compensation for their performance as commissioners other that as provided by law.[1] See 63 O.S. 1058 (B) (1991).
¶ 3 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A commissioner of an Indian housing authority may not acceptany form of compensation from a tribal government for his/herservices as a commissioner even if the money used to pay suchcompensation is paid from tribal government funds. Housingauthority commissioners are prohibited from receivingcompensation in excess of the amount set forth in 63 O.S.1058(B) (1991). The same prohibition applies to a commissionerof a city or county housing authority created pursuant to 63O.S. 1055 (1991).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
D. CASEY DAVIS ASSISTANT ATTORNEY GENERAL
[1] This Opinion does not consider whether the proposed compensation would violate the Ethics Committee Rules at 74 O.S. Supp. 2000, ch. 62, apps. 257:1-1-1 to -14.